AO 442 (Rev. 11/11) Arrest Warrant

```
___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
                   COUNSEL/PARTIES OF RECORD

6H1155
JAN 31 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| United States of America | ) | 3:22-mj-00017-CLB |
|---|---|---|
| v. | ) | |
| William Theodore Lewis | ) | Case No. 2:13-cr-00238-KJM-1 |
| | ) | |
| | ) | 2018 JAN 29 PM 3:36 |
| | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* William Theodore Lewis,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☑ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

18:3606: Probation Violation Petition

Date: 01/29/2018

*Issuing officer's signature*

City and state: Sacramento, CA

R. Becknal, Deputy Clerk
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

*Arresting officer's signature*

*Printed name and title*

# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Offender Under Supervision

**Name of Offender:** William Theodore Lewis          **Docket Number:** 0972 2:13CR00238

**Name of Judicial Officer:** United States District Judge Kimberly J. Mueller

**Date of Original Sentence:** 4/15/2015

**Original Offense:** 18 U.S.C. § 474 – Possession of Partially or Wholly Executed Counterfeit Obligation of the United States (Class B Felony); 18 U.S.C. § 1029(a)(3) – Possession of 15 or More Counterfeit and Unauthorized Access Devices (Class C Felony)

**Original Sentence:** 50 months custody of the Bureau of Prisons as to Count 5 and 50 months custody of the Bureau of Prisons as to Count 6, to be served concurrently, for a total term of 50 months; 60 months term of Supervised Release as to Count 5 and 36 months Term of Supervised Release as to Count 6, to be served concurrently, for a total term of 60 months; No firearms; DNA collection; Mandatory drug testing; $200 Special assessment; $20 Restitution.

**Special Conditions:** Warrantless Search; No Dissipation of Assets; Apply All Monies; Financial Disclosure; Financial Restrictions; Drug/Alcohol Treatment; Drug/Alcohol Testing; No Alcohol; Mental Health Treatment; Aftercare Co-payment; Gang Associations; Other – Shall not use any false aliases.

**Type of Supervision:** TSR

**Date Supervision Commenced:** 2/21/2017

**Other Court Actions:**
5/29/2015: Amended Judgment filed which corrected clerical error on page 7 regarding forfeiture.

2/21/2017: Probation 12B petition to modify conditions to include up to 180 day placement at an RRC, approved by the Court.

3/29/2017: Probation 12A petition advising the court of admitted drug use, specifically morphine. The Court allowed the Probation Officer to continue to work with the offender in the community with no further court action.

9/07/2017: Probation 12A petition advising the court of admitted drug use, specifically THC and methamphetamines/amphetamines. In addition, he was substituting something other than human urine to falsify the drug test. The Court allowed the Probation Officer to continue to work with the offender in the community with no further court action.

RE: William Theodore Lewis          Docket Number: 0972 2:13CR00238

PETITIONING THE COURT

☒ TO ISSUE A WARRANT

The probation officer alleges the offender has violated the following conditions(s) of supervision:

| Charge Number | Nature of Violation |
|---|---|
| Charge 1 | UNLAWFUL USE OF A CONTROLLED SUBSTANCE |

On or about December 11, 2017, the releasee submitted a urine sample No. 00025167, which tested positive for amphetamines, in violation of the Mandatory Conditions, which state in part, *"the defendant shall not possess or use a controlled substance,"* a Grade C Violation.

| Charge 2 | FAILURE TO PARTICIPATE IN SCHEDULED DRUG COUNSELING |
|---|---|

On or about January 9, 2018, and January 25, 2018, the releasee failed to report for scheduled drug counseling, in violation of Special Condition Number 6, which states in part, *"the defendant shall participate in outpatient correctional treatment,"* a Grade C Violation.

| Charge 3 | TRAVEL OUTSIDE THE DISTRICT WITHOUT PERMISSION OF THE PROBATION OFFICER |
|---|---|

On or about January 1, 2018, the releasee was near Reno, Nevada and was stopped by Nevada Highway Patrol, outside of Reno, Nevada. This conduct is in violation of the Standard Condition Number 1, which states in part, *"the defendant shall not leave the judicial district without permission of the court or the probation officer,"* a Grade C Violation.

| Charge 4 | NEW LAW VIOLATION |
|---|---|

On or about January 15, 2018, the releasee was found to be in possession of drug paraphernalia and a controlled substance by the Truckee Police Department, in violation of section 11364(A) California Health and Safety Code - Possession of Paraphernalia and in violation of 11350 (A) California Health and Safety Code - Possess Narcotic Controlled Substance, both misdemeanors. This conduct is in violation of the Mandatory Condition of release which states in part, *"not to commit another federal, state or local crime,"* a Grade C Violation.

| Charge 5 | ASSOCIATION WITH A KNOWN FELON |
|---|---|

On or about January 15, 2018, the releasee was in a vehicle with Brandon John Crowder (DOB: 9/21/1993) who has a previous conviction for a felony, in violation of standard condition number 9, which states in part, *"the defendant shall not associate with any persons engaged in criminal activity or any person conviction of a felony unless granted permission by the probation officer,"* a Grade C Violation.

RE: **William Theodore Lewis**                                Docket Number: 0972 2:13CR00238

**Justification:** In September 2017, the Court was notified that Mr. Lewis submitted a positive drug test, admitted to substituting a drug test for something other than human urine as well as admitting to use of controlled substances. He reported he had made a mistake, wanted to remain in the community, would cease all illicit drug use and would stop hanging out with people that were a bad influence. He had recently secured employment and appeared to be remorseful and sincere. However, in December 2017 he submitted another positive drug test for amphetamine. He then began rescheduling his previously scheduled drug counseling sessions and ultimately failed to report for treatment on January 9 and 25, 2018, never attempting to contact or reschedule these appointments in advance.

On January 1, 2018, a call was received from the Nevada Highway Patrol notifying this officer that Mr. Lewis was stopped by the Nevada Highway Patrol. He was not detained. When this officer later spoke to him, he stated he was helping a friend move and he knew he was not given permission to travel to Nevada.

Lastly, on January 15, 2018, the undersigned was notified by the Truckee Police Department that Mr. Lewis was cited for possession of narcotics and drug paraphernalia. He was given a court date to appear in Nevada County Superior Court on March 12, 2018. At the time of the citation, Mr. Lewis and two other individuals were parked behind a gas station in Truckee, CA. One of the occupants, Brandon John Crowder, had an outstanding felony warrant from El Dorado County and he was arrested. After a search of the vehicle Mr. Lewis admitted to driving, officers located an abundant amount of personal items, tools, industrial equipment, clothing and baggage. In the truck of the vehicle officers found components commonly used to assemble a clandestine laboratory; a full sized pressure cooker, compressor, tools, and hardware. Mr. Lewis claimed he bought these items at a local Goodwill. Other items included a series of hypodermic syringes (12); plastic containers containing white crystalline substances; and tools used for drug consumption (dental tool, spoon, cotton swabs). Based on the officer's observation and experience, all items were identified as drug paraphernalia with usable amounts of methamphetamine and heroin, organized in "hype kits".

Criminal record checks were conducted on the other occupants of the vehicle, and Brandon John Crowder was found to have an outstanding warrant in conjunction with an extensive criminal record which included: drug related possession, under the influence; manufacturing, paraphernalia and sales offense in conjunction with burglary, domestic batter, obstruction, violation of probation, and resisting officers. Another occupant, Michelle Meyer, was found to have numerous prior arrests which include: vandalism, possession of narcotic controlled substances, driving under the influence, possession of paraphernalia, receiving known stolen property, and failure to appear.

**Detention:** Based on the totality of the charges alleged, it is clear the releasee is making a choice to fail to comply with the Court's order regarding drug use, drug possession, travelling outside the district without permission as well as his recent criminal associations. The violations appear to be escalating in nature. These factors, in conjunction with his recent citation and association with a known felon, is cause for serious concern. Mr. Lewis's underlying offense involved counterfeit currency and, at the time, an admitted need for substance abuse treatment. He has a significant history involving property crimes and controlled substances. His recent law contact shows he is a clear danger to the community. Further,

RE: William Theodore Lewis            Docket Number: 0972 2:13CR00238

based on his travel out of the district and his recent no show for counseling, it is believed he is a flight risk and leads this officer to believe there are no guarantees he will report to court as instructed. Therefore, a recommendation for a warrant is requested and it is recommended he remain detained throughout the Court proceedings.

I declare under penalty of perjury that the following is true and correct.

**EXECUTED ON:**    January 25, 2018
Roseville, California
SRS:jc

Respectfully submitted,
/s/ Shari Simon

**DATED:**    1/25/2018

**SHARI R. SIMON**
Senior United States Probation Officer
Telephone: 916 786-2861

Reviewed by,
/s/ Toni Ortiz

**TONI M. ORTIZ**
Supervising United States Probation Officer

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a warrant. No bail pending hearing.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

DATED: January 29, 2018.

UNITED STATES DISTRICT JUDGE

Page 4 of 9

RE: **William Theodore Lewis**   Docket Number: **0972 2:13CR00238**

CC:

United States Probation

Assistant United States Attorney: Nirav Desai

United States Marshal Service

RE: **William Theodore Lewis**                           Docket Number: 0972 2:13CR00238

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable Kimberly J. Mueller
United States District Judge
Sacramento, California

                          RE:   Lewis, William Theodore
                                    **Docket Number:** 0972 2:13CR00238

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1: UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

    a. Evidence:

        i. Documentation from Alere, Lab, Number 0200036818, dated December 11, 2017.

    b. Witnesses:

        i. United States Probation Officer Shari Simon will testify that Mr. Lewis was instructed to not use controlled substances and report for scheduled drug testing with EAP, Inc.

**Charge 2: FAILURE TO PARTICIPATE IN SCHEDULED DRUG COUNSELING**

    a. Evidence:

        i. Documentation from EAP, Inc., that Mr. Lewis missed a scheduled drug counseling appointment on January 9 and 25, 2018.

    b. Witnesses:

RE: William Theodore Lewis            Docket Number: 0972 2:13CR00238

       i. United States Probation Officer Shari Simon will testify that Mr. Lewis was instructed to participate in drug counseling through contract EAP.

       ii. Jenene Sowell, EAP, Inc., drug counselor will testify that Mr. Lewis failed to report for scheduled counseling on January 9, and 25, 2018.

### Charge 3: TRAVEL OUTSIDE THE DISTRICT WITHOUT PERMISSION OF THE PROBATION OFFICER

   a. **Evidence:**

       i. Documentation from Department of Justice stating that on January 1, 2018, Mr. Lewis was stopped by the Nevada Highway Patrol.

   b. **Witnesses:**

       i. United States Probation Officer Shari Simon will testify that on or about January 1, 2018, a telephone call was received advising that Nevada Highway Patrol had stopped Mr. Lewis outside of Reno, Nevada. He was searched and released due to no outstanding warrants.

### Charge 4: NEW LAW VIOLATION

   a. **Evidence:**

       i. Truckee Police Department Report Number T1800066, dated January 15, 2018.

   b. **Witnesses:**

       i. Truckee Police Department Officer Daniel Baraz, will testify that he was involved in and issued a citation to Mr. Lewis on January 15, 2018, for 11364(A) HS Possession of Paraphernalia and 11350(A) HS Possess Narcotic Controlled Substance.

### Charge 5: ASSOCIATION WITH A KNOWN FELON

   c. **Evidence:**

       i. Truckee Police Department Report Number T1800066, dated January 15, 2018.

RE: William Theodore Lewis            Docket Number: 0972 2:13CR00238

    ii. Truckee Police Department Report Number T1800066, dated January 15, 2018, list a felony no bail warrant number P15CRF0151, for Brandon John Crowder

d. **Witnesses:**

i. Truckee Police Department Officer Daniel Baraz, will testify that he arrested Brandon John Crowder, on January 15, 2018, for a felony warrant issued by El Dorado County and Mr. Lewis was an occupant in the same vehicle.

Respectfully submitted,
/s/ Shari Simon

**SHARI R. SIMON**
**United States Probation Officer**
Telephone: 916 786-2861

**DATED:** 1/25/2018
Roseville, California

Reviewed by,
/s/ Toni Ortiz

**TONI M. ORTIZ**
**Supervising United States Probation Officer**

RE: William Theodore Lewis                     Docket Number: 0972 2:13CR00238

# REVOCATION GUIDE – SUPERVISED RELEASE

Name of Offender:   William Theodore Lewis          Docket Number:   0972 2:13CR00238

Date of Original Offense:   5/14/2013

Original term of supervised release imposed: 5 years

Highest grade of violation alleged: C

Criminal History Category of offender: VI

Original guideline range: 70 to 87 months.

Chapter 7 range of imprisonment: 8 to 14 months.

Maximum term on revocation - 18 USC 3583(e)(3):   (*choose one below*)

- ☐     Class A felony - 5 years
- ☒     Class B felony - 3 years
- ☐     Class C and/or D felony - 2 years
- ☐     Class E felony and misdemeanors - 1 year

Violation requires mandatory revocation:   YES: ☒   NO: ☐

**Original offense committed on or after 04/30/2003**: Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above. There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**   Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**   Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.